**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Anthony Bernardly JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 1, 2010.

Filed Aug. 4, 2010.

Anthony B. Jones, appellant, pro se.

John M. Morganelli and Terence P. Houck, Assistant District Attorneys, Easton, for Commonwealth, appellee.

BEFORE: OTT, J., McEWEN, P.J.E., and CLELAND *, J.

OPINION BY CLELAND, J.

Appellant, Anthony Bernardly Jones (Jones), appeals the order of the Court of Common Pleas of Northampton County denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–46 (PCRA). Jones argues the sentencing court erred in not merging two sentences imposed as result of two convictions for violating 18 Pa.C.S.A. § 6105. Because the doctrine of merger is not implicated here, we affirm.

A panel of this Court summarized the facts and the procedural history of the case as follows:

[Jones] was convicted in a jury trial [on March 9, 2004], at which he represented himself with standby counsel, of resisting arrest, recklessly endangering an-

* Retired Senior Judge assigned to the Superior Court.

other person, persons not to possess firearms related to a .32–caliber handgun, persons not to possess firearms related to a .380–caliber handgun, and possession of firearm with altered manufacturer's number.[1] After sentencing,[2] [Jones] filed a timely *pro se* appeal, for which counsel was appointed. After [Jones] filed a request for counsel, the [trial] court appointed direct-appeal counsel. However, [Jones] filed a subsequent petition to proceed *pro se*. This Court remanded for a [hearing pursuant to *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998)] to determine if his waiver of counsel was made knowingly, intelligently, and voluntarily. After the hearing, the trial court found that [Jones]'s waiver was knowing, intelligent, and voluntary. This Court affirmed on March 15, 2005, finding *inter alia* that all but his jury-instruction claims were waived for failure to raise them in a Pa.R.A.P. 1925(b) statement. *Commonwealth v. [ (Anthony) ] Jones*, 876 A.2d 464 (Pa.Super.2005) (unpublished memorandum). The Supreme Court of Pennsylvania denied his petition for allowance of appeal on November 2, 2005. *Commonwealth v. Jones*, [585 Pa. 687, 887 A.2d 1240] (2005).

On March 13, 2006, [Jones] filed [his first PCRA petition] alleging that he received an illegal sentence. Counsel was appointed; however, counsel filed a no-merit letter, stating that all of [Jones]'s claims were waived. On October 4, 2006, the PCRA court filed an order and opinion finding the petition meritless because the sentencing issues raised in the PCRA petition had already been deemed waived by the Superior Court.

On August 23, 2007, this Court vacated the order and remanded, finding that the PCRA court erred because [Jones]'s legality of sentence claims were not waived for PCRA purposes. *Commonwealth v. Jones*, 932 A.2d 179, 183 (Pa.Super.2007). On October 16, 2007, the PCRA court conducted a PCRA hearing, at which [Jones] was represented by appointed counsel. On November 27, 2007, the PCRA court granted [Jones]'s request for clarification of sentence, but denied PCRA relief. [Jones appealed the denial] *pro se,* simultaneously with a signed petition to waive counsel. On December 31, 2007, PCRA counsel filed a petition to withdraw, which the PCRA court granted.

*Commonwealth v. Jones*, No. 190 EDA 2008, 976 A.2d 1209, unpublished memorandum at 1–3 (Pa.Super. filed May 12, 2009) (footnote omitted).

This Court vacated the order denying PCRA relief and remanded for a *Grazier* hearing. *Id.* at 6.

Consequently, on June 25, 2009, Robert Sletvold, Esquire, was appointed to represent [Jones]. On July 24, 2009, a hearing was held before the Honorable F.P. Kimberly McFadden, at which time [Jones] reaffirmed his decision to proceed pro se and clearly stated that he was knowingly, intelligently and voluntarily waiving his right to counsel. Spe-

---

**1.** Jones committed the underlying offenses on October 9, 2002.

**2.** On April 21, 2004, the trial court imposed multiple fines and sentenced Jones to consecutive terms of 6 months' to 12 months' incarceration for resisting arrest, 12 months' to 24 months' for recklessly endangering another person, 30 months' to 96 months' for each conviction for persons not possess firearms, and a concurrent sentence of 16 months' to 48 months' for possession of firearm with altered manufacturer's number, for an aggregate term of 78 months' to 228 months' incarceration. Sentencing Order, 4/21/04, at 1–3, as modified on April 27, 2004.

cifically, [Jones] stated he understood the rights he was giving up and the risks of choosing to represent himself. At the conclusion of the hearing, [the PCRA court] reinstated its denial of [Jones]'s PCRA petition and advised [Jones] that he had thirty days in which to file an appeal to the Superior Court.

PCRA Court Opinion, 9/9/09, at 3 (citations omitted).

This appeal followed. Both the PCRA court and Jones complied with Pa.R.A.P. 1925.

Jones raises the following question for our review:

Is it a violation of the double jeopardy clauses of the United States and Pennsylvania constitutions to sentence an individual to consecutive sentences for simultaneous possession of [two] firearms (pursuant to 18 Pa.C.S.A. § 6105)?

Appellant's Brief at 4 (brackets in original).

In his brief, Jones couches his claim in terms of a sentencing merger issue. Specifically, Jones argues the sentencing court erred in not merging the two sentences because "the statutory language of [section] 6105 as a whole uses the nouns 'firearm' and 'firearms' interchangeably when referencing to the verb 'possess' or the noun 'possession' which the Legislatures intended to criminalize—the possession of firearms and not the firearms possessed, per se." Appellant's Brief at 8.

Section 9765 provides:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other

offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

As our Supreme Court recently held, "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa.2009).[3]

In *Commonwealth v. Davidson*, 595 Pa. 1, 938 A.2d 198 (2007), our Supreme Court has explained that the merger doctrine is generally a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction. Thus, a main objective in development of the merger doctrine is to prevent the punishment of a defendant more than once for one criminal act.

*Id.* at 32–33, 938 A.2d at 217 (2007) (citations and quotation marks omitted).

The Supreme Court set forth the principles for determining legislative intent as follows:

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a); *see also McGrory v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing*, 591 Pa. 56, 915 A.2d 1155, 1158 (2007).

---

**3.** The doctrine of merger and its theoretical underpinnings continue to be a source of both practical as well as academic interest. *See, e.g.*, Bruce A. Antkowiak, *Picking up the pieces of the Gordian knot: towards a sensible merger methodology*, 41 NEW ENG.L.REV. 259 (2007).

In general, the best indication of the General Assembly's intent is the plain language of the statute. *See Martin v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing*, 588 Pa. 429, 905 A.2d 438, 443 (2006); *In re Adoption of J.E.F.*, 587 Pa. 650, 902 A.2d 402, 407 (2006). When reviewing the language of a statute, the words and phrases employed by the General Assembly "shall be construed according to rules of grammar and according to their common and approved usage[.]" 1 Pa.C.S. § 1903(a); *see also Colville v. Allegheny County Ret. Bd.*, 592 Pa. 433, 926 A.2d 424, 431 (2007). When the words of a statute are clear and unambiguous, there is no need to look beyond the plain meaning of the statute "under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b); *see also Commonwealth v. Conklin*, 587 Pa. 140, 897 A.2d 1168, 1175 (2006). Consequently, only when the words of a statute are ambiguous should a court seek to ascertain the intent of the General Assembly through consideration of statutory construction factors. 1 Pa.C.S. § 1921(c); *see also Koken v. Reliance Ins. Co.*[,] 586 Pa. 269, 893 A.2d 70, 81 (2006).

*Id.* at 32, 938 A.2d at 216–17.

■ Our Supreme Court explained the relationship between the merger doctrine and double jeopardy protection as follows:

The purpose of the merger doctrine is double jeopardy-based, *i.e.*, to safeguard against multiple punishments for the same act. *See, e.g., Commonwealth v. Buffington*, 574 Pa. 29, 828 A.2d 1024, 1029 (2003) ("The Double Jeopardy Clause bars successive prosecutions and multiple punishments for the same offense."). The test for sentencing merger is the same test utilized to decide whether more than one offense has been committed in the double jeopardy context. *See Commonwealth v. Jones*, 590 Pa. 356, 912 A.2d 815, 819 (2006) (plurality) (citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)). The *Jones* Court further observed that the "fact that this Court employs the same analysis in double jeopardy and sentencing merger cases is a function of the Double Jeopardy Clause's prohibition ... which protects against both successive punishments and successive prosecutions for the same offense." *Jones*, 912 A.2d at 823. The United States Supreme Court has explained, however, that "[e]ven if the crimes are the same[,] ... if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end." *Ohio v. Johnson*, 467 U.S. 493, 499 n. 8, 104 S.Ct. 2536, 2541 n. 8, 81 L.Ed.2d 425 (1984).

*Id.* at 34, 938 A.2d at 217–18 (footnotes omitted).[4]

Finally, in *Davidson*, our Supreme Court noted:

In [*Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994) ], the Court held that "in all criminal cases, the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses." *Anderson*, 650 A.2d at 22. The *Anderson* Court explained that "the same facts" language "means any act or acts which the accused has performed and any intent which the accused has manifested, regardless of whether these acts and intents are part of one criminal

---

**4.** "The protections afforded by the double jeopardy clauses of the United States Constitution and of Art. I, Section 10 of the Pennsylvania Constitution are generally coextensive." *Davidson*, 595 Pa. at 34, 938 A.2d at 218 n. 14 (citations omitted).

plan, scheme, transaction or encounter, or multiple criminal plans, schemes, transactions or encounters." *Id.* The Court further made note that a main concern regarding the merger doctrine is to "avoid giving criminals a 'volume discount' on crime" and further explained that "[i]f multiple acts of criminal violence were regarded as part of one larger criminal transaction or encounter which is punishable only as one crime, then there would be no legally recognized difference between a criminal who robs someone at gunpoint and a criminal who robs the person and during the same transaction or encounter pistol whips him in order to effect the robbery." *Id.*

*Davidson,* 595 Pa. at 33, 938 A.2d at 217.

 With this background, we now address the issue whether a felon who possesses multiple firearms can be punished for each firearm in his possession.

Section 6105, in relevant part, reads as follows:

A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

The Legislature's use of the indefinite article "a" in the definition of the proscribed conduct makes it clear a person who is prohibited from possessing a firearm under section 6105 violates 6105 for each firearm possessed. *Cf. Sanders v. United States,* 441 F.2d 412 (10th Cir. 1971), *cert. denied,* 404 U.S. 846, 92 S.Ct. 147, 30 L.Ed.2d 82 (1971) (simultaneous possession of two unregistered firearms is two offenses for purposes of 26 U.S.C. § 5861(d). The court in *Sanders* distinguished *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955),[5] because § 5861(d) uses the article "a" instead of "any").[6]

5. *United States v. Verrecchia,* 196 F.3d 294 (1st Cir.1999):

The defendant in *Bell* had been convicted of two violations of the Mann Act, 18 U.S.C. § 2421 (prohibiting the interstate transportation of "any woman or girl" for purposes of prostitution), for transporting two women at the same time. The [United States Supreme] Court, noting that when Congress chooses to allow multiple prosecutions for a single transaction it has no difficulty expressing its will, found the statute to be ambiguous on the allowable unit of prosecution. The Court thus applied the "presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment," and held that the simultaneous transportation of two women was only one violation of the Mann Act.

*Id.* at 297 (citations omitted).

6. *See also United States v. Alverson,* 666 F.2d 341 (9th Cir.1982):

We conclude that section 5861(d) expresses an unambiguous congressional intent to make each firearm a unit of prosecution ... [T]he statute states that [i]t shall be unlawful for any person ... to receive or possess a firearm.... Use of the article 'a' stands in marked contrast to language in other weapons statutes that have been interpreted to preclude prosecution for each object of the offense. *Compare Brown v. United States,* 623 F.2d 54, 58 (9th Cir.1980) (use of "any") with *Sanders,* 441 F.2d at 414–15 (use of "a").

*Id.* at 347.

Similarly, *see United States v. Nichols,* 731 F.2d 545 (8th Cir.1984), *cert. denied,* 469 U.S. 1085, 105 S.Ct. 589, 83 L.Ed.2d 699 (1984) (same); *United States v. Rosenbarger,* 536 F.2d 715, 721 n. 8 (6th Cir.1976), *cert. denied,* 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977) (same). *See also Davidson,* 595 Pa. at 37, 938 A.2d at 220 (citing *State v. Farnham,* 752 So.2d 12, 14–15 (Fla.Dist.Ct.App.2000)).

In reaching our conclusions, we also find relevant *Commonwealth v. Gillespie*, 573 Pa. 100, 821 A.2d 1221 (2003). In *Gillespie*, our Supreme Court compared the definition of firearm for purposes of section 6105 with the definition of firearm for purposes of section 6102 and noted: "[section] 6105(i) explicitly states its broader definition of 'firearm' is to be '... used in this section only,' which pertains to convicted criminals. Clearly the definition in § 6105 is there for a reason, which is to settle what a former convict may not possess." *Id.* at 105, 821 A.2d at 1224. Our Supreme Court also noted "[t]he current version of § 6105 also expanded the class of convictions from 'crime[s] of violence' to include certain potentially violent crimes," *id.* (citing section 6105(b)), and concluded "[t]he clear purpose of § 6105 is to protect the public from convicted criminals who possess firearms, regardless of whether the previous crimes were actually violent or the barrel of the firearm was a certain length." *Id.*[7]

The Legislature amended section 6105 in 1995 to expand its coverage. Because when it did so, the Legislature extended both the number of predicate offenses and the definition of "firearm," we can reasonably conclude that the Legislature also intended that multiple simultaneous possessions of firearms would result in multiple punishments.

Here, there is no dispute Jones, who was prohibited from possessing firearms, simultaneously possessed two firearms, a .32–caliber handgun and a .380–caliber handgun. The act of possessing each firearm constituted a separate act of possession for purposes of section 6105, each subjecting Jones to separate prosecutions and separate sentences. As such there is no issue of merger of sentences or double jeopardy.[8]

Order affirmed.

---

**7.** We note the prohibition set forth in section 6105(a) applies not only to persons convicted of one of the offenses enumerated in section 6105(b), but also to the "other persons" included in section 6105(c).

**8.** Given our conclusion, *Bell's* rule of lenity is not applicable here. As noted, the Legislature intended to criminalize each possession of a firearm by a person barred from doing so. *See Davidson*, 595 Pa. at 39–40, 938 A.2d at 221.