J-S23030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANTHONY BERNARDLY JONES | : | |
| | : | |
| Appellant | : | No. 3152 EDA 2016 |

Appeal from the PCRA Order Dated September 13, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003796-2002

BEFORE: OLSON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED JUNE 09, 2017**

Appellant Anthony Bernardly Jones appeals *pro se* from the order dismissing as untimely his third petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46. We affirm.

On March 9, 2004, following a jury trial, Appellant was convicted of resisting arrest, recklessly endangering another person (REAP), possession of a firearm with an altered manufacturer's number, and two counts of illegal possession of a firearm.[1] On April 21, 2004, the trial court sentenced Appellant to the following terms of incarceration, to be served consecutively: 16-36 months for REAP; 6-12 months for resisting arrest; and 30-96 months for each count of illegal possession of a firearm. The trial court also imposed a sentence of 16-48 months' incarceration for possession of a firearm with

_____
[1] 18 Pa.C.S. §§ 2705, 5104, 6110.2(a), and 6105(a).

an altered manufacturer's number, which was to be served concurrently with the other sentences.

On March 16, 2005, this Court affirmed the judgment of sentence, and on November 2, 2005, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. *Commonwealth v. Jones*, 1542 EDA 2004 (Pa. Super. Mar. 16, 2005) (unpublished memorandum), *appeal denied*, 887 A.2d 1240 (Pa. 2005).

On March 13, 2006, Appellant filed his first PCRA petition. The PCRA court denied relief, and, after two remands, this Court affirmed the PCRA court's order denying relief. *Commonwealth v. Jones*, 2 A.3d 650 (Pa. Super. 2010). Appellant did not file a petition for allowance of appeal in the Supreme Court of Pennsylvania.

On December 28, 2015, Appellant filed a "Motion to Vacate Conviction Based on Structural Defects in the Trial Mechanism." The trial court construed this motion as a second PCRA petition and dismissed it as untimely on February 22, 2016. Appellant did not file an appeal.

On June 13, 2016, Appellant filed the instant *pro se* PCRA petition, relying on *Johnson v. United States*, 135 S. Ct. 2551, 2558 (2015) (holding that the definition of "violent felony" in the sentencing enhancement "residual clause" of the Armed Career Criminal Act of 1984, 18 U.S.C.A. § 924(e)(2)(B)(ii), was unconstitutionally vague), and *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (holding that *Johnson*

applied retroactively to cases on collateral review). The PCRA court appointed counsel, who filed a ***Turner/Finley***[2] "no merit" letter and a motion to withdraw.

On August 26, 2016, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 that stated its intent to dismiss Appellant's petition without a hearing. The PCRA court explained that ***Johnson*** applied to the federal Armed Career Criminal Act, not to any statute Appellant was convicted of violating. Rule 907 Notice, 8/26/16. The PCRA court also found that the federal statute at issue in ***Johnson*** was not similar to the state statutes at issue in Appellant's case. ***Id.*** The PCRA court added: "The remainder of [Appellant's] claims, regarding the discretionary aspects of his sentence, remain untimely as addressed in his two previous PCRA filings with this [c]ourt." ***Id.*** In the notice, the trial court granted counsel's motion to withdraw.

On September 8, 2016, Appellant, *pro se*, filed a "Request for an Enlargement of Time Before PCRA is Dismissed to Allow Petitioner to Amend Third PCRA Petition." Appellant sought to add claims that his sentence was illegal because (1) the Pennsylvania Board of Probation and Parole had

---

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

incorrectly calculated the end date of his maximum sentence,[3] and (2) Appellant was denied the right to counsel at his sentencing hearing. In his request, Appellant did not mention any statutory exception to the PCRA's time bar.

On September 13, 2016, the PCRA court issued an order dismissing Appellant's petition. In that order, the court stated that it lacked jurisdiction over Appellant's legality of sentence claims because they were untimely and Appellant failed to assert an exception to the PCRA's time bar.

On October 6, 2016, Appellant filed a timely notice of appeal. On November 2, 2016, Appellant filed a timely Pa.R.A.P. 1925(b) statement of matters complained of on appeal, in which he raised only the claims he had set forth in his September 8, 2016 request for enlargement of time. On November 10, 2016, the PCRA court issued a Pa.R.A.P. 1925(a) statement, explaining that the reasons for its dismissal of Appellant's third PCRA petition could be found in its opinion and orders dated August 26, 2016 and September 13, 2016.

On appeal, Appellant raises the following issues, as stated in his brief:

_____

[3] On May 14, 2010, the Board of Probation and Parole granted Appellant parole, and informed him that his maximum date was October 15, 2021. On December 3, 2010, the Board reaffirmed its May 14 order. On December 17, 2010, the Board modified its May 14 and December 3 orders "to reflect the correct maximum date" of October 2, 2023. *See* Request for an Enlargement of Time and attachments, 9/8/16. In his brief, Appellant notes that there is no court order modifying his sentence and speculates that the trial court communicated *ex parte* with the Board. Appellant's Brief at 25. Appellant cites no evidence of this alleged *ex parte* communication.

1. (a) Is it the constitutional duty of trial/sentencing court, whether requested or not, to assign counsel to assist a defendant as a necessary requisite to due process of law; and (b) pursuant to Pa.R.Crim. P. 121, is it the duty of the trial/sentencing court to obtain on the record an intelligent, knowing, voluntary waiver of counsel from a defendant prior to allowing him/her to proceed into a trial/sentencing without the assistance of counsel?

2. Can a judge unilaterally modify a sentence six (6) years after its imposition?

Appellant's Brief at 2.

The PCRA court dismissed Appellant's petition as untimely. "This Court's standard of review regarding an order dismissing a petition under the PCRA is to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Furgess***, 149 A.3d 90, 93 (Pa. Super. 2016) (quotation marks and citation omitted). In addition:

> The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute. ***See*** 42 Pa.C.S. § 9545(b).

***Id.*** at 92 (footnote omitted).

Appellant's judgment of sentence became final on January 31, 2006, when the ninety-day time period for filing a petition for a writ of certiorari with the United States Supreme Court expired. ***See*** U.S. Sup. Ct. R. 13 (requiring that petition for writ of certiorari be filed within 90 days of order

- 5 -

denying review by state court of last resort); 42 Pa.C.S. § 9545(b)(3) (explaining that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Appellant's present petition was not filed until June 13, 2016, nine and one-half years after the PCRA's one-year filing deadline. Appellant did not assert a statutory exception to the PCRA's time bar in his PCRA petition or in his response to the PCRA court's Rule 907 notice. Therefore, the PCRA court properly dismissed Appellant's petition for lack of jurisdiction. *See Furgess*, 149 A.3d at 92-93.

In his brief, Appellant argues, "Pennsylvania Courts have permitted allegations of miscarriage of justice to override the waiver provisions of the PCRA and have therefore reached the merits of such claims in successive petitions." Appellant's Brief at 20 (citing *Commonwealth v. Allen*, 732 A.2d 582 (Pa. 1999); *Commonwealth v. Reese*, 663 A.2d 206 (Pa. Super. 1995); *Commonwealth v. Williams*, 660 A.2d 614 (Pa. Super. 1995), *appeal denied*, 674 A.2d 1071 (Pa. 1996)). Appellant's "miscarriage of justice" argument is misplaced. This Court has explained:

> [T]he courts of Pennsylvania will only entertain a "miscarriage of justice" claim when the initial timeliness requirement is met. *See Commonwealth v. Fahy*, 558 Pa. 313, 330–331, 737 A.2d 214, 223 (1999), *cert. denied*, 534 U.S. 944, 122 S. Ct. 323, 151 L. Ed. 2d 241 (2001). Although the courts will review the request in a second or subsequent collateral attack on a conviction if there is a strong prima facie showing that a miscarriage of justice occurred, *Commonwealth v. Morales*, 549 Pa. 400,

- 6 -

> 409–410, 701 A.2d 516, 520–521 (1997), there is no "miscarriage of justice" standard exception to the time requirements of the PCRA. *Fahy*, 558 Pa. at 331, 737 A.2d at 223.

*Commonwealth v. Burton*, 936 A.2d 521, 527 (Pa. Super. 2007), *appeal denied*, 959 A.2d 927 (Pa. 2008). Because Appellant has not satisfied the timeliness requirement, we may not entertain an miscarriage of justice claim.

In his reply brief, Appellant adds that the PCRA court erred by dismissing his petition because, "until this current date, Appellant has not had the opportunity to 'prove' before the PCRA court that any of his allegations could meet the PCRA timeliness exceptions." Appellant's Reply Brief at 3-4. Appellant appears to argue that the PCRA court did not allow him to amend his petition, and therefore that he did not have the opportunity to invoke an exception to the time bar.

It was Appellant's obligation to plead *in his petition* that one of the three statutory exceptions applied. *See Commonwealth v. Derrickson*, 923 A.2d 466, 468-69 (Pa. Super.), *appeal denied*, 934 A.2d 72 (Pa. 2007). In response to the PCRA court's Rule 907 notice, Appellant could have sought to amend his petition to allege a time-bar exception. *See id.* at 469. He did not. While Appellant did seek leave to amend his petition, he did not mention any statutory exception to the PCRA's time bar when he did so. Because Appellant did not satisfy his pleading obligations, the PCRA

court properly held that it lacked jurisdiction over Appellant's untimely third PCRA petition. ***See id.*** at 468-69.

Based on the foregoing, we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2017