J-S02026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY BERNARDLY JONES, | : | |
| | : | |
| Appellant. | : | No. 1518 EDA 2018 |

Appeal from the PCRA Order, April 3, 2018,
in the Court of Common Pleas of Northampton County,
Criminal Division at No(s): CP-48-CR-0003796-2002.

BEFORE: GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.: **FILED APRIL 03, 2019**

Anthony Bernardly Jones appeals *pro se* from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are as follows: On March 9, 2004, a jury convicted Jones of resisting arrest, recklessly endangering another person, and two firearm violations. On April 21, 2004, the trial court sentenced him to an aggregate term of 78 to 223 months of imprisonment. On March 16, 2005, this Court affirmed his judgment of sentence, and, on November 2, 2005, our Supreme Court denied Jones' petition for allowance of appeal. **Commonwealth v. Jones**, 876 A.2d 464 (Pa. Super. 2005) (unpublished memorandum), *appeal denied,* 887 A.2d 1240 (Pa. 2005).

On March 13, 2006, Jones filed his first *pro se* PCRA petition, and the PCRA court appointed counsel. The PCRA court denied relief, and, after two remands, this Court confirmed the order denying post-conviction relief. **See Commonwealth v. Jones**, 2 A.3d 650 (Pa. Super. 2010). Jones did not seek further review.

Jones unsuccessfully sought post-conviction relief in 2015 and 2016. On each occasion, the PCRA court correctly concluded that the Jones' serial petition was untimely, and that he failed to plead and prove a time-bar exception.

On August 4, 2017, Jones filed a *pro se* motion for appointment of counsel and a "NUNC PRO TUNC MOTION FOR PSYCHIATRIC /PSYCHOLOGICAL EXAMINATION OF [JONES] TO INQUIRE INTO HIS SANITY AT THE TIME OF THE OFFENSE; COMPETENCE TO STAND TRIAL; AND COMPETENCE TO WAIVE COUNSEL." On December 18, 2017, Jones filed a *pro se* "SUCCESSIVE PETITION FOR POST CONVICTION RELIEF." On December 27, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Jones' PCRA successive petition without a hearing.

On January 8, 2018, Jones filed "[JONES'] REQUEST TO RESERVE RIGHT TO FILE NOTICE OF APPEAL UNTIL THE DISPOSITION OF NUNC PRO TUNC MOTION FOR PSYCHIATRIC EXAMINATION." By order entered February 13, 2018, the PCRA court denied this petition. In the same order, the PCRA court noted that Jones was not entitled to the appointment of counsel for his fourth PCRA petition, and that his request for a psychiatric/psychological evaluation

was waived because it was not timely asserted or previously raised in any of his prior PCRA petitions. In addition, the PCRA court found Jones' claim regarding the waiver of counsel was previously litigated. Jones did not file an additional response. By order entered April 3, 2018, the PCRA court dismissed the petition as untimely. This appeal follows. Both Jones and the PCRA court have complied with Pa.R.A.P. 1925.

Before addressing the issue Jones raises on appeal, we must first determine whether the PCRA court correctly determined that his current PCRA petition was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1] A PCRA petition invoking one of these

---

[1] The exceptions to the timeliness requirement are:

statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Commonwealth v. Hernandez**, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).[2] Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016).

Here, because Jones did not file a petition for writ of *certiorari* following our Supreme Court's denial of his petition for allowance of appeal on November 2, 2005, his judgment of sentence became final ninety days thereafter, or on January 31, 2006. **See** 42 Pa.C.S.A. § 9545(b)(3);

---

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[2] Section 9545(b)(2) has since been amended to enlarge this period from sixty days to one year. **See** Act of 2018, October 24, P.L. 894, No. 146, §§ 2 and 3. The sixty-day time period applies in this appeal.

U.S.Sup.Ct. Rule 13. Thus, for purposes of the PCRA's time bar, Jones had to file his first PCRA petition by January 31, 2007. Jones filed his latest PCRA petition on December 18, 2017. Thus, the petition is patently untimely, unless Jones satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Jones has failed to prove any exception to the PCRA's time bar. Indeed, in his *pro se* brief, he does not even acknowledge the PCRA's time restrictions or the exceptions thereto.[3] Therefore, the PCRA court correctly determined that it lacked jurisdiction to consider the merits of the Jones' petition. We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/19

---

[3] The only reference Jones makes as to the timeliness of his serial PCRA petition is the bare assertion that he is not "time-barred from requesting a nunc pro tunc/retrospective psychiatric/psychological examination as a prerequisite to collaterally attack his conviction and sentence[.]" *See* Jones' Brief at 4.