J-S20041-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                           :              PENNSYLVANIA

                Appellee        :

                            :

                  v.              :

                            :

AUSTIN SMITH                 :

                            :

               Appellant     :         No. 1741 WDA 2018

Appeal from the PCRA Order Entered November 1, 2018
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000463-2016

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.:              FILED MAY 31, 2019

Appellant, Austin Smith, appeals from the order entered in the Jefferson County Court of Common Pleas, which denied his first petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  On June 24, 2016, police entered Appellant's home pursuant to a search warrant and found marijuana and thirteen firearms.  On March 1, 2017, Appellant entered a negotiated guilty plea to thirteen counts of persons not to possess a firearm.[1]  Appellant signed a written colloquy, and the court conducted an oral colloquy on the record.  That same day, the court sentenced Appellant as

_____

[1] Appellant had a prior out-of-state conviction equivalent to possession with intent to deliver.  See 35 P.S. 780-113(a)(30).

negotiated to 4 to 8 years' imprisonment on Count 5, and 3½ to 7 years' imprisonment on Count 6, to run consecutively for an aggregate term of 7½ to 15 years' imprisonment. The court imposed fines on the remaining eleven counts. Appellant did not file a direct appeal.

On July 5, 2017, Appellant filed a motion to modify or correct an illegal sentence, which claimed his convictions should have merged for sentencing, and an application for leave to file post-sentence motions nunc pro tunc. The court denied Appellant's application to file post-sentence motions nunc pro tunc on July 7, 2017, and denied Appellant's motion to correct an illegal sentence on July 26, 2017. On September 14, 2017, Appellant filed a second motion to modify or correct an illegal sentence, which the court denied on September 18, 2017. Appellant, on October 16, 2017, filed an application to withdraw his guilty plea, which the court denied the following day.

Appellant timely filed pro se a PCRA petition on January 29, 2018. The PCRA court appointed counsel on February 2, 2018, who filed a petition to withdraw and a "no-merit" letter pursuant to Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc), on October 31, 2018. The following day, the PCRA court granted counsel's petition to withdraw and issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. On December 3, 2018, Appellant filed a premature pro se notice of appeal. The PCRA court, on December 5, 2018, ordered Appellant to file a concise statement of errors complained of on

appeal pursuant to Pa.R.A.P. 1925(b). On December 7, 2018, the court denied PCRA relief.[2] On December 26, 2018, Appellant timely filed a pro se Rule 1925(b) statement.[3]

Appellant raises the following issues for our review:

> IS SECTION 6105(A)(1) OF TITLE 18 STATUTORILY AMBIGUOUS IN THAT A "COMMON PERSON" CANNOT PREDICATE ON ITS FACE WHETHER, "THE POSSESSION OF A FIREARM" CONSTITUTES A SINGLE UNIT OF PROSECUTION OR MULTIPLE UNIT(S) OF PROSECUTION IF MORE [THAN] ONE FIREARM(S) ARE FOUND IN THE [S]AME

_____

[2] Appellant's notice of appeal relates forward to December 7, 2018, the date the PCRA court denied relief. Therefore, we have no jurisdictional impediments to our review. See Pa.R.A.P. 905(a)(5) (stating: "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

[3] Our Supreme Court has expressly disapproved of the practice of courts making a wholesale adoption of one party's position. See, e.g., Commonwealth v. (Roy L.) Williams, 557 Pa. 207, 224-25, 732 A.2d 1167, 1176 (1999) (acknowledging there is no prohibition for court to adopt portions of advocate's arguments in support of judicial disposition; refusing, however, to condone wholesale adoption of advocate's stance in court's disposition of post-conviction case involving review of death sentence). See also Commonwealth v. Fulton, 583 Pa. 65, 71, 876 A.2d 342, 345 (2002) (extending Supreme Court's disapproval beyond capital cases and stressing importance of court providing independent judicial analysis). "In cases challenging the scope of this rule, the Court has consistently explained that the type of case has no bearing on its conclusion: the need for independent judicial analysis is defeated by a trial court's failure to articulate its individual reasoning." See A.V. v. S.T., 87 A.3d 818, 823 (Pa.Super. 2014).

Here, in its Rule 1925(a) opinion, the PCRA court just refers us to counsel's no-merit letter, which the court essentially adopts wholesale; and we are left without the benefit of the court's independent reasoning. Prevailing precedent requires the court to refrain in the future from this kind of wholesale adoption of one party's position. Accordingly, we base our review on the court's order, the certified record, and the applicable law.

LOCATION AT THE SAME TIME. WHICH, IN TURN, IF SUBJECTING ONE TO MULTIPLE UNIT(S) OF PROSECUTION COULD AND WOULD THEN VIOLATE THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES FIFTH AMENDMENT?

WAS APPELLANT'S CRIMINAL INFORMATION GENERALLY IMPROPER BEAUSE IT THEN PREJUDICED APPELLANT INTO ACCEPTING A PLEA AGREEMENT FOR MULTIPLE SENTENCE(S) FOR A SINGLE CRIMINAL ACT OR OFFENSE WHICH, IS IN CLEAR VIOLATION OF THE DOUBLE JEOPARDY WHEN THE SENTENCE(S) WERE THEN IMPOSED IN THE CONSECUTIVE NATURE?

(Appellant's Brief at 6).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. Commonwealth v. Conway, 14 A.3d 101, 109 (Pa.Super. 2011), appeal denied, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Commonwealth v. Boyd, 923 A.2d 513, 515 (Pa.Super. 2007), appeal denied, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. Commonwealth v. Wah, 42 A.3d 335, 338 (Pa.Super. 2012); Pa.R.Crim.P. 907.

In his issues combined, Appellant argues the language of Section

6105(a)(1), which uses the term "a firearm," is ambiguous and vague because a lay person cannot decipher whether this statute punishes each firearm possessed if multiple firearms are found in the same location at the same time. Appellant submits the General Assembly did not define "a" in Section 6105, and contends "a firearm" could mean one firearm or some firearms. Appellant avers federal courts have interpreted persons-not-to-possess statutes to use collective possession at one time as the unit of punishment, and not the number of firearms. Appellant admits that federal statutes use the term "any firearm" instead of "a firearm," however, Appellant contends the words "any" and "a" are interchangeable. Appellant asserts that Section 6105 should be interpreted as using "possession" as the unit of punishment instead of the number of firearms, and that his conviction for each possessed firearm violates the double jeopardy clause. Appellant complains the criminal information, which contained thirteen counts of persons not to possess a firearm, induced him into an unknowing and involuntary guilty plea, because Appellant felt he was "lucky" to receive two consecutive sentences for a total of 7½ to 15 years' imprisonment. Appellant maintains the court should have merged the convictions for sentencing. Appellant concludes this Court should vacate his judgment of sentence and remand for the trial court to impose concurrent sentences. We disagree.

A petitioner is eligible for relief under the PCRA if he pleads and proves by a preponderance of the evidence that his conviction or sentence resulted

from, inter alia, an unlawfully induced guilty plea or the imposition of a sentence greater than the lawful maximum. 42 Pa.C.S.A. § 9543(a)(2)(iii) and (vii). A claim that a defendant's convictions should have merged for purposes of sentencing implicates the legality of the sentence. Commonwealth v. Jacobs, 900 A.2d 368, 373 (Pa.Super. 2006), appeal denied, 591 Pa. 681, 917 A.2d 313 (2007).

Section 6105 of the Pennsylvania Uniform Firearms Act describes in pertinent part the offense of persons not to possess firearms:

> § 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms
>
> (a)     Offense defined.—
>
> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.
>
> *     *     *
>
> (c)     Other persons.—In addition to any person who has been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a):
>
> *     *     *
>
> (2)  A person who has been convicted of an offense under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, that may be punishable by a term of

imprisonment exceeding two years.

         *    *    *

18 Pa.C.S.A. § 6105(a)(1), (c)(2). "The Legislature's use of the indefinite article 'a' in the definition of the proscribed conduct makes it clear a person who is prohibited from possessing a firearm under [S]ection 6105 violates [Section] 6105 for each firearm possessed." Commonwealth v. Jones, 2 A.3d 650, 651 (Pa.Super. 2010) (affirming denial of PCRA relief, where Appellant challenged consecutive sentences under Section 6105 for possessing more than one firearm; holding that, under Section 6105, prosecution for each individual firearm possessed does not violate double jeopardy; separate and consecutive sentences for each possession are legal).

    A defendant is not required to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." Commonwealth v. Moser, 921 A.2d 526, 528-29 (Pa.Super. 2007). A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. Commonwealth v. Fluharty, 632 A.2d 312, 314-15 (Pa.Super. 1993). A defendant is presumed to be aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. Commonwealth v. Pollard, 832 A.2d 517, 523 (Pa.Super.

2003). Mere disappointment in the sentence does not constitute the necessary "manifest injustice" to render the defendant's guilty plea involuntary. Id. at 522. See also Commonwealth v. Kelly, 5 A.3d 370, 377 (Pa.Super. 2010), appeal denied, 613 Pa. 643, 32 A.3d 1276 (2011) (reiterating principle that courts discourage entry of plea as sentence-testing device).

The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Commonwealth v. Hodges, 789 A.2d 764, 765 (Pa.Super. 2002) (citing Pa.R.Crim.P. 590). Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. Commonwealth v. Watson, 835 A.2d 786, 796-97 (Pa.Super. 2003).

Instantly, Appellant entered a negotiated guilty plea to thirteen counts of persons not to possess firearms. Appellant signed a written plea colloquy, and the court conducted an oral plea colloquy on the record. The court sentenced Appellant as negotiated to two consecutive sentences, one of 4 to 8 years' imprisonment, and one of 3½ to 7 years' imprisonment, for an

aggregate term of 7½ to 15 years' imprisonment.

Here, Appellant was a person not to possess firearms; and police found thirteen firearms in his bedroom. Therefore, the Commonwealth properly charged Appellant with thirteen counts under Section 6105. See 18 Pa.C.S.A. § 6105(a)(1), (c)(2). The court confirmed in both the written and oral plea colloquies that Appellant and the Commonwealth had negotiated two, consecutive sentences for persons not to possess firearms; and the court sentenced Appellant accordingly. See Watson, supra; Hodges, supra. Under prevailing law, the court could not merge the sentences on Appellant's multiple firearms convictions, and it had no obligation to run these sentences concurrently. See Jones, supra. Appellant knowingly, voluntarily, and intelligently entered into his negotiated guilty plea, and he is not entitled to withdraw from it merely because he is now dissatisfied with his bargain. See Moser, supra; Fluharty, supra. Therefore, the PCRA court properly denied relief. See Conway, supra. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2019

- 9 -