J-S39045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN WILLIAM WILLIAMS | : | |
| | : | |
| Appellant | : | No. 232 MDA 2022 |

Appeal from the PCRA Order Entered January 19, 2022
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0003640-2017

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: FEBRUARY 22, 2023**

Appellant John William Williams appeals *pro se* from the order dismissing his first Post Conviction Relief Act[1] (PCRA) petition.  Appellant contends that the PCRA court erred in denying his motion to recuse, and by dismissing his petition as untimely.  We vacate the order and remand for further proceedings consistent with this memorandum.

By way of background, a jury convicted Appellant of kidnapping, robbery, and related offenses in 2019.[2]  On June 18, 2019, the trial court sentenced Appellant to an aggregate term of fourteen to twenty-eight years'

___

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Prior to trial, Appellant filed a motion to proceed *pro se*, which the trial court granted after performing a colloquy to determine if Appellant was knowingly, voluntarily, and intelligently waiving his right to counsel.  N.T. Hr'g, 6/27/18, at 2-8.  At trial, Jacob Jividen, Esq. served as Appellant's standby counsel. *See* Trial Ct. Order, 10/25/18, at 1 (unpaginated); N.T. Trial, 3/25/19, at 1.

incarceration. Although Appellant filed a *pro se* notice of appeal, he subsequently filed an application to discontinue his direct appeal, which this Court granted on February 7, 2020. *See* Order, 1184 MDA 2019, 2/7/20.

On September 22, 2021, Appellant filed the instant *pro se* PCRA petition, his first. In the petition, Appellant claimed, among other issues, that the trial court, the Commonwealth, and the Department of Corrections violated his due process rights by interfering with his direct appeal. *Pro Se* PCRA Pet., 9/22/21, at 4-12. Appellant also claimed that his petition was timely under the government inference and newly discovered facts exceptions to the PCRA's one-year time bar under 42 Pa.C.S. § 9545(b)(1)(i), (ii). *Id.* at 4, 12, 21-23. Appellant also requested that Attorney Jividen be reappointed as his standby counsel for the PCRA proceedings. *Id.* at 21.

The PCRA court appointed William Braught, Esq. (PCRA counsel) to represent Appellant. PCRA counsel subsequently filed a motion to withdraw as counsel, and Appellant filed a motion to proceed *pro se* captioned "[Appellant's] motion for leave to proceed self-represented in post-conviction proceedings." On November 4, 2021, the PCRA court filed an order that granted Appellant's motion to proceed *pro se*, allowed PCRA counsel to withdraw, and appointed Attorney Jividen as standby counsel. Appellant filed a motion requesting that the entire Court of Common Pleas of Cumberland County recuse itself on November 19, 2021.[3]

---

[3] As discussed below, based on our review of the certified record, it appears that the PCRA never ruled on Appellant's motion for recusal.

The PCRA court held a hearing on December 21, 2021, at which Appellant testified. N.T. PCRA Hr'g, 12/21/21, at 5-22. On January 19, 2022, the PCRA court denied Appellant's PCRA petition. Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement. Nevertheless, Appellant filed a Rule 1925(b) statement on April 4, 2022. The PCRA court issued a Rule 1925(a) opinion concluding that Appellant's PCRA petition was untimely filed. PCRA Ct. Op., 6/28/28, at 3-5.

Appellant raises four issues for our review, which we reorder as follows:

1. Did the PCRA court abuse its discretion by failing to address Appellant's motion for recusal or disqualification of the court prior to proceeding to the adjudication of Appellant's PCRA petition?

2. Should the Court of Common Pleas of Cumberland County recuse itself or be disqualified from the adjudication of Appellant's PCRA petition?

3. Did the PCRA court abuse its discretion by failing to conduct an evidentiary hearing for the purpose of permitting Appellant to call and elicit testimony from the witnesses necessary to establish the exceptions to the PCRA's statute of limitations alleged in Appellant's PCRA petition?

4. Did the PCRA court abuse its discretion by dismissing Appellant's PCRA petition for lack of jurisdiction based on the evidence submitted to the court and information within the court's own knowledge?

Appellant's Brief at 4 (formatting altered).

Before we reach the merits of Appellant's issues, we must address whether the Appellant properly waived his right to counsel. ***See***

*Commonwealth v. Stossel*, 17 A.3d 1286, 1288-90 (Pa. Super. 2011) (stating that, even where the petition appears facially untimely, "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake").

It is well settled that a petitioner is entitled to counsel to litigate their first PCRA petition. *See Commonwealth v. Bradley*, 261 A.3d 381, 391 (Pa. 2021) (explaining that "a petitioner has a rule-based right to the appointment of counsel for a first PCRA petition" (citing Pa.R.Crim.P. 904)); *see also Stossel*, 17 A.3d at 1288.

"When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." *Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998) (citations omitted).

In *Commonwealth v. Robinson*, 970 A.2d 455 (Pa. Super. 2009) (*en banc*), the PCRA court allowed the defendant to proceed *pro se* without conducting a colloquy. On appeal, the *Robinson* Court held that "in any case where a defendant seeks self-representation in a PCRA proceeding and where counsel has not properly withdrawn, a hearing must be held." *Robinson*, 970 A.2d at 456. Therefore, the Court vacated the denial of PCRA relief, remanded for the PCRA court to conduct a *Grazier* hearing, and ordered that if the defendant retracted his request to represent himself, the PCRA court must appoint new counsel. *Id.* at 460; *see also Stossel*, 17 A.3d at 1290 (holding

that the defendant checking a box on pre-printed PCRA petition form indicating that he did not want the PCRA court to appoint counsel for him was not sufficient "to waive [his] right to representation", vacating the order denying the defendant's first PCRA petition as untimely, and remanding for a *Grazier* hearing).

In reaching that conclusion, the *Robinson* Court explained:

> While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation. In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions. Given the current time constraints of 42 Pa.C.S. § 9545, a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.

*Robinson*, 970 A.2d at 458-59; *see also Commonwealth v. Smith*, 818 A.2d 494, 500-01 (Pa. 2003) (concluding that "Rule 904 mandates that an indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply").

Further, the *Robinson* Court stated:

> Regardless of how unambiguous a defendant's expression [of his desire to proceed *pro se*] may be, without a colloquy the court cannot ascertain that the defendant fully understands the ramifications of a decision to proceed *pro se* and the pitfalls associated with his lack of legal training. Thus, a defendant cannot knowingly, voluntarily, and intelligently waive counsel until informed of the full ramifications associated with self-representation.

> Furthermore, the fact that [the a]ppellant has prepared what appears to be an adequate brief with supporting citation does not fill the vacancy left by the absence of a colloquy. . . appointment of standby counsel does not eliminate need for waiver-of-counsel colloquy . . . .

*Robinson*, 970 A.2d at 460 (citation omitted and formatting altered).

Here, PCRA counsel filed a motion to withdraw, and Appellant filed a motion to proceed *pro se*. *See* Mot. to Withdraw as Counsel, 10/18/21; Mot. to Proceed *Pro Se*, 10/19/21. The PCRA court then granted PCRA counsel leave to withdraw and permitted Appellant to proceed *pro se* with standby counsel. *See* PCRA Ct. Order, 11/4/21. The PCRA court's order granting Appellant leave to proceed *pro se* does not indicate that the PCRA court held a *Grazier* hearing prior to entering that order. The PCRA court then held an evidentiary hearing at which Appellant represented himself with standby counsel. *See* N.T. PCRA Hr'g, 12/21/21, at 1-24. The PCRA court did not make an on-the-record determination that Appellant knowingly, intelligently, and voluntarily waived his right to counsel during the December 21, 2021 hearing. *See id.*

Based on our review of the record, there is nothing to indicate that Appellant waived his right to counsel following a *Grazier* hearing. Although Appellant unambiguously requested to proceed *pro se* with standby counsel, the PCRA court was still required to hold a *Grazier* hearing before permitting Appellant to proceed *pro se*. *See Robinson*, 970 A.2d at 460; *Stossel*, 17 A.3d at 1288-90. Under these circumstances, we conclude that Appellant

failed to properly waive his right to counsel.[4]  *See Grazier*, 713 A.2d at 82; *Robinson*, 970 A.2d at 460; *Stossel*, 17 A.3d at 1288-90.  Therefore, we vacate the PCRA court's order denying Appellant's petition and remand for further proceedings.

On remand, we direct the PCRA court to conduct a *Grazier* hearing to determine whether Appellant is indigent and if he wishes to proceed with appointed counsel.  If Appellant is indigent and he does not waive his right to counsel, the PCRA court shall appoint new counsel to represent Appellant.  The PCRA court must also provide appointed counsel with a reasonable opportunity to prepare for an amended petition and for a new evidentiary hearing.[5]

_____

[4] It is of no moment that Appellant knowingly, voluntarily, and intelligently waived his right to counsel at trial.  This Court has remanded cases for the appointment of PCRA counsel even when a defendant properly waived his right to counsel and represented himself at trial.  *See, e.g.*, *Commonwealth v. Jones*, 2 A.3d 650, 650-51 (Pa. Super. 2010) (explaining that in a prior appeal this Court remanded for a *Grazier* hearing, and on remand, the PCRA court appointed counsel to represent the defendant); *Commonwealth v. Snyder*, 1420 MDA 2019, 2020 WL 1245129, at *1 n.3, *2, (Pa. Super. filed Mar. 16, 2020) (unpublished mem.) (noting that the defendant represented himself at trial with the assistance of court-appointed standby counsel and concluding that the defendant was entitled to appointment of counsel to litigate his first, timely PCRA petition); *see also* Pa.R.A.P. 126(b) (providing that unpublished memorandum decisions of this Court filed after May 1, 2019 may be cited for their persuasive value).

[5] In light of our disposition, we do not reach the merits of the issues that Appellant has raised on appeal.  However, as stated above, it appears that Appellant's motion to recuse remains pending and must be addressed on remand.  *See, e.g.*, *In re Bridgeport Fire Litig.*, 5 A.3d 1250, 1257 (Pa. Super. 2010) (explaining that "the most prudent course of action is for a court to abstain from entering any substantive orders until a pending recusal motion has been disposed of[,]" and noting that this procedure assures the parties
*(Footnote Continued Next Page)*

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023

---

that no decision affecting substantive rights might be impacted should the court ultimately decide to recuse).